

MINUTE ENTRY
BARBIER, J.
DECEMBER 6, 2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARIO PINEDA                                    CIVIL ACTION

VERSUS                                          NO: 00-0068

MURPHY EXPLORATION &                            SECTION: "J"(1)
PRODUCTION CO., ET AL

    Before the Court is the **Motion to Dismiss** (Rec. Doc. 23) filed by defendant Murphy Exploration & Production Company ("Murphy"). Plaintiff opposes the motion. An opposition has also been filed by intervenor Eagle Pacific Insurance Company ("Eagle"). The motion, set for hearing on December 6, 2000, is before the Court on briefs without oral argument.

    In its motion, Murphy argues that plaintiff's action has prescribed, because Louisiana's one-year prescriptive period for delictual actions applies to this case through the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331 et seq. Pineda's injury occurred on December 9, 1997, and suit was not filed until December 8, 1999.

DATE OF ENTRY
DEC 8 2000

However, exhibits contained in the opposition filed by Eagle indicate that following his injury, Pineda was paid benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"). Subsequently, on October 29, 1998, Pineda filed a formal compensation claim against his employer in the U.S. Department of Labor for benefits.[1] That claim was finally adjudicated on May 25, 2000.[2]

Assuming arguendo that Pineda's claim is governed by OCSLA, the Fifth Circuit's reasoning in <u>Cormier v. Clemco Services Corp.</u>, 48 F.3d 179 (5th Cir. 1995) is on point. In discussing the issue of prescription in that case, the court found:

> Because Cormier's injury occurred while he was working on the Outer Continental Shelf off the coast of Louisiana, Cormier's case is governed by the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331 <u>et seq</u>. . . . . [Thus] Louisiana's one year prescriptive period applies to Cormier's tort claim against [a third-party tortfeasor]. This period is interrupted when an obligor is sued by a claimant, La. Civ. Code Ann. Art. 3462, or when the obligor acknowledges liability to the claimant, La. Civ. Code Ann. art. 3464. When prescription is interrupted for one solidary obligor, it is interrupted for all solidary obligors. La. Civ. Code arts. 1799 and 3503.

48 F.3d at 181.

Applying this reasoning, it appears that in the instant case, if Pineda's claim is covered by OCSLA, the payment by his employer of compensation benefits would have interrupted

---

[1] Rec. Doc. 25, Exh. 1, LHWCA Benefits Application.

[2] Rec. Doc. 25, Exh. 2, Findings of Fact & Order of the District Director.

2

prescription under Louisiana Civil Code article 3464, and Pineda's filing of his LHWCA claim would have interrupted prescription under article 3462.  See also, LA. CIV. CODE art. 2324(C).

Pineda's claim was filed on October 29, 1998, within one year of his December 7, 1997 accident.  The claim was not resolved until May 25, 2000.  The instant suit was filed December 8, 1999.  Thus, prescription was interrupted (at the latest[3]) on October 29, 1998, and would not have resumed again until May 25, 2000, well after this suit was filed.  Accordingly;

**IT IS ORDERED** that Murphy's **Motion to Dismiss** (Rec. Doc. 23) should be and is hereby **DENIED**.[4]

* * * * * * * * * * * * *

---

[3]While the date that Eagle began paying Pineda benefits on behalf of Dynamic is not clear from the record, it appears that prescription would have first been interrupted as of that date. Cormier, 48 F.3d at 181-83; Billizon v. Conoco Inc., 864 F. Supp. 571 (E.D. La. 1994); LA. CIV. CODE art. 2324(C).

[4]In making this ruling, the Court does not find that plaintiff's claim is necessarily governed by OCSLA, but merely that in either case (whether it is governed by OCSLA or maritime law) it is not prescribed.

3