FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JUL 24 PM 2: 18
JUL 2 4 2001
LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARIO PINEDA | CIVIL ACTION |
| VERSUS | NO. 00-0068 |
| MURPHY EXPLORATION & PRODUCTION COMPANY, | SECTION J |
| DYNAMIC INDUSTRIES, INC., M/V WHITE DOVE, ABC INSURANCE COMPANY, DEF INSURANCE COMPANY and XYZ INSURANCE COMPANY | MAG. 1 |

### MURPHY EXPLORATION AND PRODUCTION COMPANY'S OPPOSITION TO DYNAMIC INDUSTRIES, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Defendant, Murphy Exploration and Production Company (hereinafter "Murphy Exploration"), consents in part and opposes in part, defendant, Dynamic Industries, Inc.'s Motion for Partial Summary Judgment as follows:

I.  **Murphy Exploration consents in part to Dynamic Industries, Inc.'s Motion for Partial Summary Judgment.**

In its Partial Motion for Summary Judgment, Dynamic Industries, Inc. asserts that because Dario Pineda was hired to work aboard a Murphy Exploration offshore platform on the Outer Continental Shelf, the Master Service contract between Dynamic Industries, Inc. and

1

Murphy Exploration is a non-maritime contract. Therefore, the Master Service contract between Dynamic Industries, Inc. and Murphy Exploration is governed by the Outer Continental Shelf Lands Act (hereinafter "OCSLA") which mandates that the law of the adjacent state govern any disputes arising out of that contract. Consequently, Dynamic Industries, Inc. asserts that Louisiana law, and not general maritime law, would govern any disputes between Dynamic Industries, Inc. and Murphy Exploration with regard to the Master Service contract entered into by them. Finally, Dynamic Industries, Inc. asserts that under Louisiana law, and pursuant to the Louisiana Oil Field Indemnity Act (hereinafter "LOAIA") any indemnity provisions contained in the contract between Dynamic Industries, Inc. and Murphy Exploration would be considered against the public policy of the Louisiana and thereby considered null and void under Louisiana law. Dynamic Industries, Inc. asks this Honorable Court to make the determination that Louisiana law should apply to any disputes surrounding the Master Service contract between Dynamic Industries, Inc. and Murphy Exploration thereby delineating any and all indemnity provisions contained in that contract null and void and unenforceable.

Murphy Exploration does not dispute these contentions and thereby consents to the analysis by Dynamic Industries, Inc. that Louisiana law should apply to the Master Service agreement entered into between Dynamic Industries, Inc. and Murphy Exploration. Accordingly, Murphy Exploration, Inc. also consents to the legal theory that under Louisiana law, Murphy Exploration cannot require and demand Dynamic Industries, Inc. to defend and indemnify them pursuant to the provisions of the Master Service contract entered into between them **if Murphy Exploration is found negligent and therefore liable for the injuries**

**sustained to Dario Pineda.** It is on this issue that Murphy Exploration opposes the partial Motion for Summary Judgment filed by Dynamic Industries, Inc.

**II.    Murphy Exploration opposes Dynamic Industries, Inc.'s Motion for Partial Summary Judgment.**

The Louisiana Oil Field Indemnity Act prohibits oilfield agreements which require defense and/or indemnification, for death or bodily injury to a person, where there is negligence or fault on the part of the indemnitee. *Meloy, et al vs. Conoco, Inc. vs. Oilfield Services of Cameron, Inc.,* 817 F. 2d 275 (5th Cir. 1987); *Gaspard, et al vs. Offshore Crane & Equipment, Inc., et al,* 1998 W.L. 388597 (E. D. La.). Under Louisiana law and pursuant to the LOAIA, if an indemnitee is found negligent and therefore liable for damages sustained to a personal injury plaintiff, that indemnitee cannot demand or request defense and indemnification from an indemnitor pursuant to contracts or agreements entered into between them. *Meloy, et al vs. Conoco, Inc. vs. Oilfield Services of Cameron, Inc.,* 817 F. 2d 275 (5th Cir. 1987); *Gaspard, et al vs. Offshore Crane & Equipment, Inc., et al,* 1998 W.L. 388597 (E. D. La.). However, if an indemnitee is found free from fault, nothing in the LOAIA prohibits an indemnitee from recovering its costs of defense from their indemnitors once the matter has been tried on its merits and brought to a final conclusion. *Meloy,* 817 F. 2d at 280; *Gaspard, et al vs. Offshore Crane & Equipment, Inc., et al,* 1998 W.L. 388597 (E. D. La.). Furthermore, even if an indemnitee is found negligent and therefore at fault, that indemnitee may still seek contractual indemnification against their indemnitor for the indemnitor's percentage of fault pursuant to the LOAIA. *Rigby vs. Tenneco Oil Company,* 607 F. Supp. 1247 (E. D. La. 1985).

In the instant cause action, Murphy Exploration entered into a Master Service Agreement with Dynamic Industries, Inc. whereby Dynamic Industries, Inc. agreed to defend and indemnify Murphy Exploration for any and all claims or action for bodily injury brought by Dynamic Industries, Inc.'s employees against Murphy Exploration. While Murphy Exploration has consented to the legal theory that they cannot require and demand defense and indemnity from Dynamic Industries, Inc. for their own acts of negligence that might give rise to the injuries alleged by Mr. Pineda, Murphy Exploration holds firmly to the belief that, if after a trial on the merits it is found to be free from fault for the alleged injuries of Mr. Pineda, under Louisiana law, as discussed above, Murphy Exploration is entitled to its cost of defense from Dynamic Industries, Inc. The LOAIA does not prohibit Murphy Exploration from demanding such from Dynamic Industries, Inc. as contemplated by the Master Services Agreement entered into between Murphy Exploration and Dynamic Industries, Inc. Furthermore, pursuant to the jurisprudence of Louisiana, the LOAIA does not prohibit Murphy Exploration for seeking indemnification from Dynamic Industries, Inc. for their percentage of fault should both Murphy Exploration and Dynamic Industries, Inc. be found liable for the alleged injuries of Mr. Pineda. While Dynamic Industries, Inc. would have this Honorable Court dismiss from this litigation any and all indemnification claims had by Murphy Exploration, neither Louisiana law nor Louisiana jurisprudence allow for such a result. *See also, Fontenot v. Dual Drilling Co.,* 179 F. 3rd 969 (5th Cir. 1999.)

### III.   Conclusion

For the foregoing reasons, Murphy Exploration consents to Dynamic Industries, Inc.'s Motion for Partial Summary Judgment on the issue of whether Louisiana law should govern any

disputes between Murphy Exploration and Dynamic Industries, Inc. with regard to the Master Services Agreement entered into between them.

Furthermore, Murphy Exploration opposes Dynamic Industries, Inc.'s Motion for Partial Summary Judgment asserting that, pursuant to Louisiana law, Murphy Exploration is entitled to seek indemnification for its cost of defense after a trial on the merits if found free from liability, or, for Dynamic Industries, Inc.'s percentage of fault if cast in judgment with Dynamic Industries, Inc. and therefore asks that Dynamic Industries, Inc.'s Motion for Partial Motion for Summary Judgment be denied.

Respectfully submitted,

LEMLE & KELLEHER, L.L.P.

_____
JAMES H. DAIGLE, T.A. (#4455)
BRADLEY J. SCHLOTTERER (#24211)
THOMAS A. PORTEOUS (#27039)
Pan-American Life Center
601 Poydras Street, 21st Floor
New Orleans, Louisiana 70130

**ATTORNEYS FOR DEFENDANT,**
**MURPHY EXPLORATION & PRODUCTION CO.**

## CERTIFICATE OF SERVICE

**I DO HEREBY** certify that a copy of the above and foregoing pleading has been served on all counsel of record by placing same in the United States Mail, properly addressed and postage prepaid, by facsimile or by hand delivery, on this the 24th day of July 2001.

_____

5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARIO PINEDA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-0068** |
| **MURPHY EXPLORATION & PRODUCTION COMPANY,** | **SECTION J** |
| **DYNAMIC INDUSTRIES, INC., M/V WHITE DOVE, ABC INSURANCE COMPANY, DEF INSURANCE COMPANY and XYZ INSURANCE COMPANY** | **MAG. 1** |

## MURPHY EXPLORATION AND PRODUCTION COMPANY'S REPLY TO DYNAMIC INUSDUSTRIES, INC.'S STATEMENT OF UNCONTESTED MATERIAL FACTS

All matters that are denied represent issues that are disputed issues of fact that require adjudication via trial on the merits.

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.

1

8. Admitted.

9. Admitted.

10. Admitted.

                      Respectfully submitted,

                      LEMLE & KELLEHER, L.L.P.

                      _____
                      JAMES H. DAIGLE, T.A. (#4455)
                      BRADLEY J. SCHLOTTERER (#24211)
                      **THOMAS A. PORTEOUS (#27039)**
                      Pan-American Life Center
                      601 Poydras Street, 21st Floor
                      New Orleans, Louisiana 70130

                      ATTORNEYS FOR DEFENDANT,
                      MURPHY EXPLORATION & PRODUCTION CO.

## CERTIFICATE OF SERVICE

**I DO HEREBY** certify that a copy of the above and foregoing pleading has been served on all counsel of record by placing same in the United States Mail, properly addressed and postage prepaid, by facsimile or by hand delivery, on this the 24th day of July 2001.

_____

276076_1

2