FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JUL 24 PM 4: 20

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARIO PINEDA** | CIVIL ACTION |
| **VERSUS** | NO. 00-0068 |
| **MURPHY EXPLORATION AND PRODUCTION COMPANY, DYNAMIC INDUSTRIES, INC., M/V WHITE DOVE, ABC INSURANCE COMPANY, DEF INSURANCE COMPANY and XYZ INSURANCE COMPANY** | SECTION "J"<br><br>MAGISTRATE: 1 |

### OPPOSITION TO DEFENDANTS' MOTIONS FOR LEAVE TO FILE COUNTER-CLAIMS

MAY IT PLEASE THE COURT:

Defendant, B & J Martin, Inc., has moved this Honorable Court for leave to file a Counter-Claim against plaintiff, Dario Pineda. Shortly thereafter, defendant, Murphy Exploration and Production Company, filed an almost identical motion seeking leave of court to file a counter-claim against plaintiff, Dario Pineda. For the reasons more fully set forth hereinbelow, plaintiff, Dario Pineda, respectfully opposes defendants' Motion(s) for Leave to File a Counter-Claim against plaintiff.

Plaintiff, Dario Pineda filed suit against Murphy Exploration and Production Company for

an accident which occurred in the offshore waters off the coast of Louisiana on or about December 9, 1997. The accident occurred when plaintiff was being transfered via personnel basket in rough weather from the deck of the M/V WHITE DOVE onto a Murphy Oil Platform located at Ship Shoal block 221. The transfer operation was under the control of Murphy Oil and the M/V WHITE DOVE. The personnel basket attempting to transfer was attached to a crane being operated by a Murphy Oil crane operator.

Plaintiff later supplemented his lawsuit to add the owner of the M/V WHITE DOVE, B & J Martin, Inc. Parenthetically, the delay in adding B & J Martin, Inc. was due to the fact that the vessel could not be located amongst ship registries and, according to counsel for Murphy Oil, the ownership of the vessel was found by him when searching fishing vessel registries. In any case, B & J Martin, Inc. was brought in as a defendant over a year ago.

The accident made basis of this claim was well documented as accident reports were prepared by plaintiff's employer, Dynamic Industries, Inc., and by Murphy Oil. *(See attached accident reports)*. Since that time, plaintiff has been unable to return to employment and has sought medical care from orthopaedic surgeons of his choosing, as well as those chosen by the employer's worker's compensation carrier. During this time, plaintiff has suffered from severe low back pain and has had diagnostic testing conducted which indicates bulging discs at L4-5 and L5-S1 and a radiculopathy stemming from the L5-S1 lumbar disc level.

Suit in this matter was filed in December of 1999. Since that time, discovery has preceded through the exchange of discovery documents and the conduct of plaintiff's deposition on two (2) occasions; once in June of 2000 and again in June of 2001. Trial of this matter is scheduled for September 10, 2001. B & J Martin has filed a Motion for Leave to File a Counter-Claim against

plaintiff, Dario Pineda, alleging fraud and abuse of process. Plaintiff respectfully submits that there is absolutely no basis for such a counter-claim and defendant, B & J Martin's attempt to bring this counter-claim at the eleventh hour, is an attempt to taint the trier of fact and prejudice the plaintiff.

Not to be outdone, defendant, Murphy Exploration and Production Company, has filed an identical Motion for Leave to File Counter-Claim against the plaintiff. Defendant, Murphy Oil's Motion, is likewise without merit, as is the basis for its alleged counter-claim, and is even more aggregious in the time of its filing as "Murphy" has been in this litigation from the very onset.

Both motions suggest that "recently obtained documents" have been obtained that contradict plaintiff's claim. In the case of Murphy Oil, this is simply not true. In fact, Murphy Oil obtained information in the Fall of 2000, alleging that claimant had worked for a company called Basic Industries. The matter was discussed between the undersigned and counsel for Murphy Oil in the Fall of 2000. At that time, counsel for Murphy was advised that according to the plaintiff, his green card and his wallet, containing his driver's license, were lost sometime in the Fall of 1999, and apparently that someone had utilized these documents to obtain employment. It was further discussed that this was possibly done by someone that could not otherwise obtain employment without a "green card." As such, this information has been known by at least one (1) defendant for at least eight (8) months.

Furthermore, the counter-claims attached to the Motions for Leave are extremely vague and ambiguous. For example, in Paragraph V of the Counter-Claim, the parties allege that Mr. Pineda made "false and misleading statements concerning the causation of his injuries and the extent of those injuries." Plaintiff respectfully submits that there is absolutely no evidence, documentary, testamentary or otherwise, concerning the causation of Mr. Pineda's injuries. In fact, the accident

3

reports prepared on the day of the accident indicate that plaintiff suffered from pain to his lower back as a result of a personnel basket transfer in rough seas on the back deck of the M/V WHITE DOVE. (*See attached accident reports*).

Finally, plaintiff respectfully submits that the Motions for Leave should be denied on the basis that the alleged contradictory evidence is nothing more than rebuttal-type evidence. In no way does this "alleged evidence" rise to the degree of forming the basis for a fraud and abuse of process claim. Plaintiff respectfully submits that the defendants are simply attempting to prejudice the plaintiff in the eyes of the trier of fact by throwing fraud and abusive process claims into the mix.

In summary, the defendants have provided this Honorable Court with neither a legal basis nor a factual basis for their Motions. The defendants have provided the Court with no basis in fact or law for the filing of an 11th hour claim well after all issues have been joined. In fact, the defendants have done nothing more than uncover a red herring, which they now ask this Court to raise to a level so as to inflict the greatest possible prejudice toward the plaintiff. Plaintiff opposes defendants' attempts to do so.

WHEREFORE, plaintiff, Dario Pineda, respectfully requests that this Honorable Court deny the Motions for Leave to file the Counter-Claims as there exists no basis for same.

Respectfully submitted,
**COLLINS-KLOTZ LAW FIRM**

_____
W. PATRICK KLOTZ (#17877)
530 Natchez Street, Suite 250
New Orleans, Louisiana 70130
Telephone:   (504) 522-5678
Facsimile:   (504) 527-0092
Attorney for Plaintiff, Dario Pineda

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served on all counsel of record by placing same in the United States Mail, properly addressed and first-class postage prepaid, this, the _____ day of July, 2001.

_____
W. PATRICK KLOTZ

| Emp...s First Report of In...ry Or Occupational Illness | U.S. Department of Labor Employment Standards Administration Office of Workers' Compensation Programs |
|---|---|

(See instructions on reverse – Leave items 1 and 2 blank)

**FYI**  

OMB No. 1215-0031

| 1. OWCP No. | 2. Carrier's No. 1S9700828 | 3. Date and Time of Accident Mo. 12  Day 09  Yr. 97  Hour 07:00 AM |
|---|---|---|
| 4. Name of Injured/Deceased Employee (Type or print - first, M.I., last) DARIO A. PINEDA  Telephone 504/734-0161 | | 5. Employee's Address (No., street, city, state, ZIP code) 500 EISENHOWER AVE., METAIRIE, LA 70003 |

 Page #

| 6. Injury is Reported Under the Following Act (Mark one) | 7. Indicate Where Injury Occurred (Longshore Act Only) (Mark one) | 8. Sex ☒ M  ☐ F | 9. Date of Birth 11/20/1968 |
|---|---|---|---|
| A ☐ Longshore and Harbor Workers Compensation Act | A ☐ Aboard Vessel or Over Navigable Waters | 10. Social Security No. (Required by Law) 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 | |
| B ☐ Defense Base Act | B ☐ Pier/Wharf | 11. Did Injury Cause Death? ☒ No  ☐ Yes - If yes, skip to 16 | |
| C ☐ Nonappropriated Fund Instrumentalities Act | C ☐ Dry Dock | 12. Did Injury cause Loss of Time Beyond Day or Shift of Accident? | ☐ Yes ☒ No |
| D ☒ Outer Continental Shelf Lands Act | D ☐ Marine Terminal E ☐ Building Way F ☐ Marine Railway G ☐ Other Adjoining Area | 13. Date and Hour Employee First Lost Time Because of Injury | Mo. Day Yr. Hour N/A |

| 14. Did Employee Stop Work immediately? ☐ Yes ☒ No | 15. Date and Hour Employee returned to work. | 16. Was Employee Doing Usual Work When Injured/Killed? (If no, explain in Item 26) | ☐ Yes ☒ No |
|---|---|---|---|
| 17. Did Injury/Death Occur on Employer's Premises? ☐ Yes ☒ No | 18. Dept. in Which Employee Normally Works(ed) OFFSHORE | 19. Occupation RIGGER | |
| 20. Date and Hour Pay Stopped N/A | 21. Which Days Usually Worked Per Week? (Mark (X) days) ☒S ☒M ☒T ☒W ☒T ☒F ☒S | 22. Date Employer or Foreman First Knew of Accident. 12/09/97 | |

| 23. Wages or Earnings (Include overtime, allowances, etc) | | 24. Exact Place Where accident Occurred (See instructions on reverse). This item should specify area if accident was in maritime employment and occurred in area adjoining navigable waters. MURPHY OIL S.S.224-D PRODUCTION PLATFORM | 25. How was Knowledge of Accident or Occupational Illness Gained? WITNESSED BY SUPERVISOR |
|---|---|---|---|
| a. Hourly | $ 7.50 | | |
| b. Daily | $ | | |
| c. Weekly | $ | | |
| d. Yearly | $ | | |

26. Describe in full how the accident occurred (Relate the events which resulted in the injury or occupational disease. Tell what the injured was doing at the time of the accident. Tell what happened and how it happened. Name any objects or substances involved and tell how they were involved. Give full details on all factors which led or contributed to the accident.)
EMPLOYEE WAS ENTERING PERSONNEL BASKET ON CREW BOAT; OCEAN SWELL CAUSED BASKET TO BE LIFTED OFF DECK AND STRIKE EQUIPMENT ON DECK CAUSING EMPLOYEE TO FALL TO DECK.
(Use additional sheets(s) if required and attach to this report)

LAFAYETTE, LA.

| 27. Nature of Injury (Name part of body affected - fractured left leg, bruised right thumb, etc.) If there was amputation of a member of the body, describe. | LUMBOSACRAL STRAIN | JAN 22 1998 |
|---|---|---|

| 28. Has Medical Attention Been Authorized? ☒ Yes ☐ No | 29. Enter Date of Authorization 12/11/97 | 30. Was First Treating Physician Chosen by Employee? ☒ Yes ☐ No | 31. Has Insurance Carrier Been Notified? ☒ Yes ☐ No |
|---|---|---|---|

AGGINS.

| Name | Address - Enter Number, Street, City, State, ZIP Code |
|---|---|
| 32. Physician Charles Anastasio, M.D. | |
| 33. Hospital Bell Chasse Medical Services | 7772-A Highway 23, Belle Chasse, LA 70037 |
| 34. Insurance Carrier Eagle Pacific Insurance | P.O. Box 2097, Lafayette, LA 70502 |
| 35. Employer Dynamic Industries, Inc | P.O. Box 9406 3508 Curtis Lane, New Iberia, LA 70562 |
| 36. Nature of Employer's Business Steel Fabrication and Hook-up | 37. Signature of Person Authorized to Sign for Employer |
| 38. Official Title of Person Signing this Report Safety Manager | 39. Date of This Report |

EXHIBIT 1

S-202

**DYNAMIC INDUSTRIES, INC.**

3508 Curtis Lane
New Iberia, LA 70560
(318) 369-6004

1229 Peters Road
Harvey, LA 70058
(504) 362-3171

## Accident Report

Note: The *immediate supervisor* of each employee involved in the accident must fill out this accident report as soon as possible after the accident. Print or type only (instructions on back).

Employee Name: Last **Pineda**  First **Dario**  M.I. **A**
SSN: **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**   Date of Accident: **12/09/1997**   Time of Accident: **7:00 am**
Employee's Current Home Address: **500 Eisenhower Ave.**
City: **Metairie**   State: **LA**   Zip **70003**
Employee's Home Phone #: **(504) 734-0161**   Date of Birth: **11/20/1968**   Office: H___ N___
Medication Allergies: **N/A**   Male / Female? **M**   Married / Single? **S**
Department: **Offshore Construction**   Job Title: **Rigger**
Salary/Hourly Wage: **7.50 Hr.**   Avg # Hours Worked Per Day: **84**
Location of Accident: **S/S 224-D**   Dynamic Job # **4260-2**
Description of Accident: **Attemp to lift personel off back of boat in personel basket. In process Dario Pineda fell off basket on to deck of boat.**
Medical Treatment Provided Onsite: **N/A**
Medical Treatment Provided Offsite: **N/A**
Clinic / Physician (name/address/phone): **N/A**

Did (will) Injury Cause Lost Time? **N/A**   Date of First Day Lost: **N/A**   Date Returned: **N/A**
Name / Address / Phone # / and Relationship of Contact Person: **N/A**

Name & Job Title of Person Completing This Report: **Eric Dubois Sr. Supervisor**

As soon as possible after completing this report, fax it to the New Iberia Safety Department @ (318) 367-3819
Form 002   12/02/1996

**LAFAYETTE, LA.**

**JAN 22 1998**

**EAGLE INS.**

Called - 1-19-98
Seen C. Anastasio, M.D. 9-11-97

# MURPHY EXPLORATION & PRODUCTION COMPANY
## INJURY/ILLNESS REPORT
(PRINT IN BLACK INK)

BOX 61780, LA 70161

(1) INJURY: [X] YES [ ] NO
(2) ILLNESS: [ ] YES [X] NO
(3) PROPERTY DAMAGE: [ ] YES [X] NO
(4) JOB RELATED: [X] YES [ ] NO
(5) ACC/ILL DATE: 12/09/97
(6) [X] AM [ ] PM — 7:00 HOUR

(7) NAME: Dario A. Pineda
(8) SS#: 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
(9) HOME: 500 Eisenhower Ave., Metairie, LA 70003
(10) SEX: [X] M [ ] F
(11) MARITAL: [X] S [ ] M [ ] OTHER
(12) DATE OF BIRTH: 1/20/68
(13) AGE: 29
(14) HOME PHONE: 504-734-0161
(15) ASSIGNED TO: Construction Crew
(16) EMPLOYER: Dynamic Industries
(17) POSITION: Rigger
(19) TIME IN POSITION "(17)": 22 wks / 6 mos
(20) JOB "(17)" LEVEL: Rigger
(21) GEOGRAPHIC LOCATION OF "(15)": GOM
(22) AREA: Ship Shoal
(23) BLOCK: 224
(24) LEASE #: 1023
(25) PLATFORM/WELL #: D
(26) ACC/ILL ONSET OCCURRED AT "(15)": [X] YES [ ] NO
(27) IF NO, WHERE? ___
(28) SEAS (MAX): 3-4
(29) SKIES: P/C
(30) WIND: 5 MPH
(31) DIRECTION: SW
(32) WORKER TAKING ANY MEDICATION? [ ] YES [X] NO
(33) IF YES, SPECIFY: ___
(34) OPERATION IN PROGRESS: Offloading Personnel onto Platform
(35) WORKER ACTIVITY: Getting on Personnel Basket to be Offloaded onto Platform.
(36) WHERE: SS 224 D
(37) EQUIPMENT INVOLVED IN INJURY: Personnel Basket
(38) DESCRIBE IN DETAIL HOW INJURY/ILLNESS ONSET OCCURRED: While Getting on Personnel Basket to be Lifted onto 224 D Platform, Basket swung into Wireline Equipment that was Loaded on Back Deck of M/V White Dove. A swell caused Basket to be Lifted up about 4 feet before striking Wireline Equipment.
(39) DESCRIBE INJURIES/ILLNESS: Pain in Lower Back, Neck, Right Hip & Right Hip
(40) FIRST AID: None
(41) BY: N/A

NAMES OF WORKER'S CREW, ALSO ANY PERSON IN VICINITY AT TIME OF INJURY/ILLNESS ONSET, NOTE "X" WITNESS YES/NO

| NAME (FIRST LAST) | 3rd P? | SOC. SEC. # | WITNESS YES/NO | NAME (FIRST LAST) | 3rd P? | SOC. SEC. # | WITNESS YES/NO |
|---|---|---|---|---|---|---|---|
| ?ic DuBois | | 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 | X | Hoyt Plumery | X | 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 | X |
| ?lan Silva | | 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 | X | Don Dixon | | 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 | X |
| ?r.s Rogers | | 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 | X | | | | |
| ?oe Folwer | | 460-51-35-9 | X | | | | |

LIST SAFETY EQUIPMENT FOR '(35)' AND '(38)' (HARD HAT, STEEL TOED SHOES, FACE SHIELD, ETC.)

| REQUIRED | IN USE YES/NO | REQUIRED | IN USE YES/NO |
|---|---|---|---|
| Hard Hat | X | 4) Life Vest | X |
| Steel Toe Shoes | X | 5) | |
| Safety Glass | X | 6) | |

(44) ON/OFF # of DAYS: 7-7, 14-14, 28-28, X (OTHER)
(45) TOUR STATUS: ON TOUR — 1 / OFF TOUR / OVERTIME
(46) HRS WORKED-LAST FOUR DAYS TOTAL # HRS:
- INJ. DAY: 1
- DAY (-1): 12
- DAY (-2): 12
- DAY (-3): 12

WORKER LEFT FACILITY FOR MEDICAL CARE: [ ] NO [ ] YES WITH CREW CHANGE [X] YES, BEFORE CREW CHANGE
IF "YES BEFORE CREW CHANGE" (48) TRANSPORT AUTHORIZED BY: Waiting on Transportation
(49) DID WORKER RETURN BEFORE REGULAR CREW CHANGE DAY? [ ] YES [X] NO [ ] N/A

HOSPITAL/MD, LOCATION: ___

| | SIGNATURE | PRINTED |
|---|---|---|
| EMPLOYEE | [signed] | Dario A. Pineda |
| SUPERVISOR | [signed] | Deric DuBois |
| FOREMAN – Head Gauger | [signed] | Archie W. Coulon |

DUTY MAN CALLED: [ ] YES [X] NO
(59) REPT PREPARED BY: Phillip Koury
(60) DATE PREPARED: 12/09/97

COMMENTS: Dario was able to perform all job activities for the day with moderate pain. After tour was over, employee took hot shower and pain increased in lower back and right hip.