

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARIO PINEDA | CIVIL ACTION |
| v. | No. 00-0068 |
| MURPHY EXPLORATION & PRODUCTION COMPANY ET AL | SECTION "J"(1) |

### REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE TO FILE COUNTER-CLAIM

MAY IT PLEASE THE COURT:

Defendant, B&J Martin, Inc., ("B&J") plaintiff in counter-claim, offers this brief reply to certain of the allegations made in the Opposition to Defendant's Motion for Leave to File Counter-Claim filed on behalf of Dario Pineda. The opposition does not contest B&J's legal right to assert its Cross-claim. Rather, Pineda take issue with what he believes to be a lack of merit in the claim. It cannot be contested that a civil litigant may assert a claim for abuse of process and fraud. *Duboue v. City of New Orleans*, 909 F.2d 129 (5th Cir. 1990); *Hahn v. City of Kenner*, 1 F.Supp. 2d 596 (E.D.La. 1998).

N0704142.1



The gravamen of B&J's claim that Pineda is engaging in abuse of process and misrepresentations to the court is information which indicates that Pineda returned to full gainful employment the latter part of 1999 and into the year 2000. Pineda has specifically denied this information in a deposition. Additionally, Pineda has concealed prior lawsuits and prior injuries which may be related to his claims that he now suffers from severe low back pain and has diagnostic testing indicating bulging discs at L4-5 and L5-S1. Pineda's lack of credibility on these issues casts serious doubt on the allegations he has made in this lawsuit, especially in light of the fact that not one witness has testified to witnessing an event as described by Pineda.

B&J Martin believes that the allegations contained in its Counter-claim are certainly more than adequate to sustain a claim for abuse of process and/or misrepresentation. Should the ultimate trier of fact find that Pineda has fabricated and/or exaggerated his complaints in order to enhance his claim for personal injury, then B&J Martin may recover against Pineda for his abuse of process. Finally, Plaintiff contends that this is an "11th hour claim" filed "well after all issues have been joined." The only reason that this claim has only recently been brought is that despite being deposed twice, Pineda has yet to offer the full truth as to the extent of any accident which he suffered on the deck of the M/V WHITE DOVE during a personnel basket transfer on December 9, 1997, the extent of any injuries suffered therein and his past and future claims history and employment history. In conclusion, B&J notes that this matter has been re-allotted for trial on January 22, 2002 and that therefore the issues raised in the Counter-claim of B&J Martin will require no additional time, nor will the filing of this Counter-claim cause any delay to Pineda's pursuit of his original Complaint.

N0704142.1

Respectfully submitted,

_[signature]_
_____
JEFFERSON R. TILLERY #17831
L. ETIENNE BALART #24951
JONES, WALKER, WAECHTER, POITEVENT,
    CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue - 48th Flr
New Orleans, Louisiana 70170-5100
Tel: 504-582-8584
Attorneys for B&J Martin, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record by hand, fax or by depositing same in the U.S. mail, postage prepaid and properly addressed this 31st day of July 2001.

_[signature]_
_____

N0704142.1