U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    JUL 3 1 2001
          JUL 3 1 2001

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARIO PINEDA | CIVIL ACTION NO. 00-0068 |
| | 00-68 |
| VERSUS | |
| MURPHY EXPLORATION & PRODUCTION COMPANY, DYNAMIC INDUSTRIES, INC., M/V WHITE DOVE, ABC INSURANCE COMPANY, DEF INSURANCE COMPANY and XYZ INSURANCE COMPANY | SECTION "J"<br><br>MAGISTRATE 1 |

## REPLY MEMORANDUM IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Defendant, Dynamic Industries, Inc. ("Dynamic"), respectfully submits the following Reply Memorandum in support of its Motion for Partial Summary Judgment.

Dynamic has filed a Partial Summary Judgment seeking a ruling from this Honorable Court that Louisiana law governs the claims asserted by Murphy Exploration & Production Company ("Murphy") in its Third Party Complaint against Dynamic. Pursuant to the Louisiana Oilfield Indemnity Act, the indemnity provisions contained in the Master Service Contract between Murphy and Dynamic are void and unenforceable in the event there is negligence on the part of the indemnitee (Muphy). Accordingly, the only remaining claim that Murphy may have is a claim for reimbursement of its defense costs in the unlikely event Murphy is completely exonerated from all fault at trial. That issue is premature at this time, and therefore only a Partial Summary Judgment has been sought.

Fee _____
Process _____
X Dktd _____
CtRmDep _____
Doc. No. 56

Murphy, in its Memorandum in Opposition to Dynamic's Motion for Summary Judgment agrees that Louisiana law applies. Murphy further agrees that no indemnity by Dynamic is owed for Murphy's fault if any such fault is apportioned. However, Murphy erroneously argues that the LOIA does not void indemnification by the indemnitor for any fault allocated to the indemnitor. Murphy's position is that if Murphy is apportioned some degree of fault and Dynamic is apportioned some degree of fault as the tort immune employer, then Dynamic may still owe indemnity for the percentage of fault apportioned to Dynamic. The problem with such argument is that there would be nothing to indemnify Murphy against because Dynamic was plaintiff's employer and no defendant would owe the amount apportioned to Dynamic. Pursuant to Louisiana Civil Code Article 2324, a defendant is only liable to the plaintiff for the percentage of fault allocated to itself. Furthermore the case upon which Murphy relies, Rigby v. Tenneco, 607 F.supp.1247, (E.D. La. 1985), has been overruled by Meloy v. Conoco, Inc., 504 So.2d 833 (La.1987).

## Law and Analysis

In support of its position that the Louisiana Oilfield Indemnity Act does not prohibit Murphy from asserting indemnification from Dynamic for Dynamic's fault in the event both Dynamic and Murphy are assessed with fault, Murphy cites Rigby v. Tenneco, 607 F.supp.1247, (E.D. La. 1985) which was decided on Dec. 4,1985 when solidary liability was still in existence under Louisiana law.

Louisiana Civil Code Article 2324 was most recently amended in 1996 and now provides that solidary liability exists only when one conspires with another to commit an intentional or willful act. Otherwise tortfeasors are joint tortfeasors. Subsection B of

2

Article 2324 provides that joint tortfeasors are only liable for their own degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, regardless of insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including immunity due to the workers compensation provisions.  Accordingly, pursuant to Louisiana Civil Code Article 2324, Rigby has no application to the present case.

Furthermore, Rigby was overruled by the Louisiana Supreme Court in Meloy v. Conoco, Inc., 504 So.2d 833 (La.1987).  In Meloy, the Louisiana Supreme Court held that the Louisiana Oilfield Indemnity Act ("LOIA") **completely nullifies** any provision in any agreement that requires defense and/or indemnification where there is **any negligence or fault** on the part of the indemnitee.

The Court's opinion was issued in response to the following question which was certified to the Court by the U.S. Fifth Circuit:  Does the Louisiana Oilfield Indemnity Act of 1981 La.R.S. § 9:2780 **nullify completely** an indemnity contract that obligates the indemnitor to indemnify the indemnitee regardless of which party is at fault or is the agreement valid to the extent it requires indemnification for damages attributable to the comparative fault of the indemnitor?

The Supreme Court recognized that the lower courts had interpreted the LOIA differently.  "Some courts have held that the Act voids totally any indemnification clause in any contract  to which the Act applies while other courts have found that the Act bars indemnification only to the extent of an indemnitee's own fault and that the Act allows indemnification for the proportionate fault of the indemnitor.

3

The Supreme Court, relying on the language of the Act, held that the LOIA completely nullifies any provision in any agreement that requires defense and/or indemnification where there is any negligence or fault on the part of the indemnitee. The Court explicitly rejected the argument that the LOIA should be interpreted to prohibit indemnification only for an indemnitee's own fault, and to allow indemnification when there is concurrent negligence of the indemnitor. The Court held that if there is any fault whatsoever on the part of the indemnitee, the indemnity provision in the contract is null and void under the LOIA. The Court further recognized that "the act does not apply where the indemnitee is not negligent or at fault". In that case, the indemnitee has a claim for its defense costs.

## Conclusion

Louisiana law governs the contract between Murphy and Dynamic. Murphy has consented to such application. The LOIA provides that the indemnity provisions contained in the Master Service Contract between Murphy and Dynamic are against the public policy of Louisiana and are therefore absolutely null and unenforceable in the event there is negligence on the part of the indemnitee (Muphy).

For the foregoing reasons, Dynamic respectfully requests that this Court grant its Motion for Partial Summary Judgment and issue a ruling that Louisiana law governs the claims asserted by Murphy in its Third Party Complaint against Dynamic and that in the event Murphy is apportioned any degree of fault at the trial of this matter, Dynamic owes nothing.

4

RESPECTFULLY SUBMITTED:

CRAWFORD & LEWIS
Bank One - North Tower
450 Laurel Street, Suite 1600
Post Office Box 3656
Baton Rouge, LA 70821-3656
Telephone: (225) 343-5290

JAMES C. DONOHUE (#18869)
MARTI OGDEN (#25201)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded by facsimile transmission and mailed, postage prepaid, to all counsel of record this 30th day of July , 2001.

JAMES C. DONOHUE

G:\UNIC\1936.057\Pleadings\Reply-MSJ.doc