

MINUTE ENTRY
SHUSHAN, M.J.
AUGUST 2, 2001

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARIO PINEDA | CIVIL ACTION |
| VERSUS | NO: 00-0068 |
| MURPHY EXPLORATION & PRODUCTION COMPANY, et al | SECTION: "J"(1) |

### HEARING ON MOTIONS

APPEARANCES:    Submitted on briefs

MOTIONS:   MOTIONS OF DEFENDANTS FOR LEAVE TO FILE COUNTERCLAIMS

**DENIED**

    Before the undersigned are the motions of the defendants, B&J Martin, Inc. ("B&J") and Murphy Exploration and Production Company ("Murphy Exploration") for leave to file counterclaims. Rec. docs. 38 and 46. In both cases the proposed counterclaims allege that the plaintiff, Dario Pineda ("Pineda") gave perjured and misleading testimony in a deposition concerning his alleged injuries, his treatment and his employment since the alleged accident on December 4,

DATE OF ENTRY
AUG - 6 2001



1997.

The trial of this matter was set for September 10, 2001 (Rec. doc. 22), but a motion to continue the trial was granted by United States District Judge Barbier. Rec. doc. 50. The record also shows that a telephone conference with Judge Barbier to discuss the motion for a continuance was set for July 25, 2001. Rec. doc. 47. Although the motions for leave to file the counterclaims were pending at the time of the request for a continuance, there is no mention in that motion of the proposed counterclaims. B&J reports that the trial has been reset for January 22, 2002.

Fed. R. Civ. P. 13(e) states that, "A claim which either matured or was acquired by the pleader after serving a pleading may with the permission of the court, be presented as a counterclaim by supplemental pleading." In Union National Bank of Youngstown, Ohio v. Universal-Cyclops Steel Corporation, 103 F.Supp. 719 (D.C.Pa.1952), the defendant attempted to assert a counterclaim for the wrongful bringing of the action. The court declined to permit the counterclaim because it would not arise prior to a final determination of the plaintiff's claim, so it was not "mature" at the time the defendant sought to assert it. In 6 Wright, Miller and Marcus, Federal Practice and Procedure §1428 (2d ed. 1990) the result in Union National Bank was described as not inevitable and the court could have ordered separate trials.

If the defendants are not permitted to file their counterclaims, they will be not be prevented from raising issues at the trial as to the credibility of Pineda's testimony concerning his injuries, their treatment and his employment since the accident. If the defendants prevail at the trial, they may file a suit for malicious prosecution and abuse of process. While Wright, Miller and Marcus, did not completely concur in the Union National Bank decision, at least in the circumstances presented by B&J and Murphy Exploration, the Union National Bank decision points in the right direction.

2

It is ORDERED that the motions of the defendants, B&J Martin, Inc. and Murphy Exploration and Production Company for leave to file counterclaims are DENIED.

SALLY SHUSHAN
United States Magistrate Judge