

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARIO PINEDA | CIVIL ACTION |
| v. | No. 00-0068 |
| MURPHY EXPLORATION & PRODUCTION COMPANY ET AL | SECTION "J"(1) |

### MOTION TO REVIEW MAGISTRATE JUDGE'S ORDER

NOW INTO COURT, through undersigned counsel, comes B&J Martin, Inc., who moves this Court for review of an Order entered August 6, 2001, denying B&J Martin, Inc.'s Motion for Leave to File Counter-Claim. The reasons supporting review of this Order are more fully explained in the attached Memorandum in Support. B&J Martin respectfully requests oral argument and believes that oral argument will serve to clarify the issues and circumstances surrounding the instant motion.

Respectfully submitted,

_____
JEFFERSON R. TILLERY #17831
L. ETIENNE BALART #24951
JONES, WALKER, WAECHTER, POITEVENT,
  CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue - 48th Flr
New Orleans, Louisiana 70170-5100
Tel: 504-582-8584
Attorneys for B&J Martin, Inc.

N0708712 1

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record by hand, fax or by depositing same in the U. S. mail, postage prepaid and properly addressed this 15th day of August 2001.

*Copy delivered to Judge & Magistrate.*

[signature]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARIO PINEDA | CIVIL ACTION |
| v. | No. 00-0068 |
| MURPHY EXPLORATION & PRODUCTION COMPANY ET AL | SECTION "J"(1) |

### NOTICE OF HEARING

PLEASE TAKE NOTICE that defendant, B&J Martin, Inc., will bring on for hearing its Motion to Review Magistrate Judge's Order before the Honorable Carl J. Barbier, at the United States District Court for the Eastern District of Louisiana, 500 Camp Street, on the 12th day of September 2001 at 9:30 a.m. or as soon thereafter as counsel may be heard. B&J Martin requests oral argument on this matter.

_____
UNITED STATES DISTRICT JUDGE

N0708712.1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARIO PINEDA | CIVIL ACTION |
| v. | No. 00-0068 |
| MURPHY EXPLORATION & PRODUCTION COMPANY ET AL | SECTION "J"(1) |

**MEMORANDUM IN SUPPORT OF MOTION TO REVIEW**
**MAGISTRATE JUDGE'S ORDER**

MAY IT PLEASE THE COURT:

On July 6, 2001, B&J Martin, Inc. ("B&J") filed a Motion and Incorporated Memorandum for Leave to File Counter-Claim and a Counter-Claim against Plaintiff, Dario A. Pineda. This matter was set for hearing before Magistrate Judge Sally Shushan on August 1, 2001. By Order entered August 6, 2001, Magistrate Judge Shushan denied B&J's Motion for Leave. B&J Martin respectfully submits that this denial is in error and will result in unnecessary expenses and additional judicial in a separate suit resources to adjudicate the claims asserted by B&J Martin in its Counter-Claim.

N0708712.1

## STANDARD OF REVIEW

Regarding non-dispositive pre-trial matters, the district court reviews a magistrate judge's order under a clearly erroneous or contrary to law standard. 28 U.S.C. § 636(b)(1)(A).

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 13(a) states that "[a] pleading shall state as a counter-claim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of this parties over whom the court cannot acquire jurisdiction." Section (e) of Federal Rule of Civil Procedure 13 states that "[a] claim which either matured or was acquired by the pleader after serving a pleading may, with the permission of the court, be presented as a counter-claim by supplemental pleading." A counter-claim asserted under Rule 13(e) may only be asserted by leave of court, "**which usually will be granted in order to enable the parties to litigate all the claims that they have against each other at one time thereby avoiding multiple actions.**" 6 Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1428, at 208 (2d Ed. 1990).

While the decision to grant or deny a motion to serve a supplemental counter-claim is within the trial court's discretion, factors which should be considered include: (1) whether the case has progressed so far that it may be inconvenient or confusing to allow the additional claim to be pleaded; (2) whether the supplemental counter-claim arises out of the same transaction or occurrence or a course of conduct that is the subject matter of the opposing party's claim; and (3) whether the counter-claim has been asserted in good faith. Wright & Miller, FEDERAL PRACTICE & PROCEDURE

N0708712.1

§ 1428, at 209-211 (2d Ed. 1990). Under each of these factors, the court should allow the filing of this counter-claim.

According to Wright & Miller, Rule 13(e) is to be read in conjunction with Rule 15(d) of the Federal Rules of Civil Procedure. Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1428, at 207 (2d Ed. 1990). Read together, these rules provide a liberal standard for granting leave to amend under Rule 13(e). *Nordco v. Ledes*, 1999 WL 1243883 (S.D.N.Y. Dec. 21, 1999). Where the court has subject matter jurisdiction over the counter-claim, leave should be granted liberally. *Id*. Here, the court has ancillary or supplemental jurisdiction over the counter-claim as it "arises out of the transaction or occurrence that is the subject matter of [Pineda's] claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed.R.Civ. P. 13(a).

Further, this matter has not progressed so far that it may be inconvenient or confusing to allow the additional claim to be pleaded. This matter was originally set for trial on September 10, 2001. By consent of all parties, *and after notice of the filing of the Motion for Leave to File Counter-Claim*, a request for trial continuance was submitted. The Motion to Continue was granted and trial has been reset for January 22, 2002. The claims being asserted by B&J in its Counter-Claim involve allegations of misrepresentation and abuse of process against Plaintiff, Dario Pineda. These claims are intertwined with the very claims of personal injury Pineda has made against B&J Marin, including Pineda's prior medical condition, prior employment and employment subsequent to the alleged accident. B&J's Counter-Claim is not confusing in the least; rather, if the trier of fact rejects Pineda's claims and finds no basis in law and fact for the claims he is making, B&J Martin will have established a *prima facie* claim for abuse of process and misrepresentation. Plaintiff has

N0708712.1

offered no evidence that the assertion of this Counter-Claim will provide any inconvenience or confusion. Should such a scenario present itself, the court certainly has the discretion to order a separate trial under Federal Rule of Civil Procedure 13(i).

An even more important consideration in deciding whether to grave leave is whether the supplemental Counter-Claim arises out of the same transaction or occurrence. Miller, FEDERAL PRACTICE & PROCEDURE § 1428, at 210 (2d Ed. 1990). It is unquestionable that in this instance B&J Martin's supplemental Counter-Claim arises out of the very transaction or occurrence that is the subject matter of Pineda's claim. "A close nexus between the original claim and the counter-claim may provide a compelling reason for permitting defendant to assert his claim. Counter-Claims that are closely related to the claims already before the court normally should be permitted if they are interposed at any time prior to the trial stage." Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1428 at p. 210-211 (2d Ed. 1990) (citing *National Union Fire Ins. Co. v. Continental Illinois Corp.*, 113 FRD 527, 530 (N.D. Ill. 1986)). While it is true that B&J Martin will not be prevented from raising issues at trial as to the credibility of Mr. Pineda's testimony concerning his injuries, the Magistrate's suggestion that B&J Martin may pursue a separate suit for malicious prosecution and abuse of process at the conclusion of the federal trial serves only to further delay the administration of justice and causes greater expenses to B&J Martin and possibly Pineda himself. The close nexus between Pineda's claims, including his alleged permanent and disabling injury and loss of future wage earning capacity, and B&J Martin's claims that Pineda is committing an abuse of process weighs in favor of leave to file the Counter-Claim.

Finally, B&J submits that its Counter-Claim against Pineda has "matured" as of this time. In his First Supplemental and Amending Complaint, and Petition for Damages which is referenced

N0708712.1

therein, Pineda claims that "[a]s a direct and proximate result of this accident, [he has] sustained serious and permanently disabling injuries to his mind and body including past, present and future mental and physical pain and suffering, loss of past, present and future wages, loss of future wage earning capacity, medical and related expenses, past, present and future permanent disability and mental anguish, past, present and future." In his deposition, Pineda specifically averred that he has performed absolutely no work since December of 1997. This testimony is attached as Exhibit "A". Notwithstanding this denial, counsel for B&J Martin has obtained information indicating that Pineda has performed substantial gainful employment subsequent to December 9, 1997. Attached as Exhibit "B" is the Social Security Administration earnings history of Mr. Pineda, showing that Mr. Pineda worked for Basic Industries in 1999. Exhibit "C" contains Pineda's personnel file received from Basic Industries, Inc. pursuant to a subpoena issued under authority of this Court which shows substantial employment by Dario Pineda in the fall of 1999 and the beginning of 2000. Mr. Pineda represented in this application that he was completely fit for duty. B&J Martin submits that its claim for abuse of process, at the very least as it relates to Pineda's claims for future lost earnings and loss of future wage earning capacity, has indeed matured.

## CONCLUSION

Given the liberal standard governing the granting of leave, B&J respectfully submits that leave should be granted. The alternative is to require B&J Martin to simultaneously pursue its claims in a separate proceeding which would only serve to further delay the administration of justice and cause all parties greater expense.

N0708712.1

Respectfully submitted,

_____
JEFFERSON R. TILLERY #17831
L. ETIENNE BALART #24951
JONES, WALKER, WAECHTER, POITEVENT,
    CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue - 48th Flr
New Orleans, Louisiana 70170-5100
Tel: 504-582-8584
Attorneys for B&J Martin, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record by hand, fax or by depositing same in the U.S. mail, postage prepaid and properly addressed this 15th day of August 2001.

_____

N0708712.1

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**

Case 2:00-cv-00068-CJB   Document 63   Filed 08/15/2001   Page 10 of 10