UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARIO PINEDA | CIVIL ACTION NO. 00-0068 |
| VERSUS | |
| MURPHY EXPLORATION & PRODUCTION COMPANY, DYNAMIC INDUSTRIES, INC., M/V WHITE DOVE, ABC INSURANCE COMPANY, DEF INSURANCE COMPANY and XYZ INSURANCE COMPANY | SECTION "J"<br><br>MAGISTRATE 1 |

## DYNAMIC'S PRELIMINARY EXHIBIT LIST

NOW INTO COURT, through undersigned counsel, comes **DYNAMIC INDUSTRIES, INC. ("Dynamic")**, who lists the following exhibits which may be used in a trial of this matter:

1. Master Service Contract between Dynamic Industries, Inc. and Murphy Exploration and Production Company dated July 31, 1992;

2. Dynamic Time Tickets;

3. Any and all contracts between any and all parties to this lawsuit which were in effect at the time of the alleged accident;

4. Any and all relevant insurance policies of any and all parties to this lawsuit which were in effect at the time of the alleged accident;

5. Any and all logs of any nature maintained by any of the parties to this lawsuit;

6. Any and all relevant time tickets, invoices, etc.

7. Any and all depositions taken in this case, including all attachments;

8. Any and all safety documentation, including but not limited to manuals, instructions, Safety Meeting Minutes, policies, procedures, videotapes;



9. Any and all relevant accident/incident and/or injury reports, regardless of the name of the document, including any and all attachments thereto;

10. Personnel records of the plaintiff;

11. Income tax information and returns of plaintiff;

12. Social Security earnings information of the plaintiff;

13. Plaintiff's driving records;

14. Plaintiff's education records;

15. Any and all reports, documents, and information prepared and/or gathered by any and all parties to this lawsuit in connection with their investigation of the alleged accident;

16. Any and all relevant documents pertaining to the worker's compensation claims and/or Longshore and Harbor Workers' Compensation Act claims of plaintiff;

17. Any and all relevant charts, maps, drawings, sketches, diagrams, models or other graphic representations pertaining to the alleged accident;

18. Any and all relevant photographs;

19. Any and all medical records of each physician, therapist, and/or health care provider who treated plaintiff at any point prior to and after the accident including but not limited to reports, patient history forms, nurses' and/or historians' notes and all other documents relative to the stated cause of the conditions for which treatment was sought;

20. Any and all relevant hospital records reflecting hospitalization of plaintiff before and after the accident including but not limited to patient history forms, nurses' and/or historians' notes and all other documents relative to the stated cause of the conditions for which treatment was sought;

21. Any and all relevant records regarding any diagnostic tests, blood tests, drug tests and/or studies undergone by plaintiff before or after the accident, including, but not limited to, x-rays, x-ray reports, CT scans, MRIs, myelograms, and discograms;

22. Any and all medical bills pertaining to the treatment of plaintiff;

23. Exhibits and documents attached to or referred to or discussed in any deposition;

24. Enlargements of relevant photographs and of other relevant exhibits;

25. Any and all pleadings and discovery pleadings, including responses;

26. Charts or illustrative materials or drawings on the blackboard or on large poster-size paper to illustrate the facts of the case, the relationship of the parties, the testimony of the various witnesses, as well as the extent and elements of damages sustained by plaintiff, or any other similar objects for use in the opening and closing statements;

27. Any and all relevant surveillance tapes and/or other impeachment evidence and/or rebuttal evidence;

28. Any and all documents produced in response to a subpoena duces tecum;

29. Any and all documents produced in response to discovery;

30. Any learned treatises, regulations, rules, standards and/or other data or information relied upon by any expert in this case;

31. Any and all expert reports prepared in connection with this litigation;

32. Any and all exhibits or documents listed by any other party.

33. Defendant specifically reserves its right to supplement this list.

RESPECTFULLY SUBMITTED:

CRAWFORD & LEWIS
Bank One - North Tower
450 Laurel Street, Suite 1600
Post Office Box 3656
Baton Rouge, LA 70821-3656
Telephone: (225) 343-5290

_____
JAMES C. DONOHUE (#18869)
MARTI OGDEN (#25201)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been mailed, postage prepaid, to all counsel of record this 9th day of November, 2001.

_____
MARTI OGDEN

G:\UNIC\1936 057\Pleadings\ExhibitList doc