FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 MAY 29 P 4: 40

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
BARBIER, J.
MAY 29, 2003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARIO PINEDA                               CIVIL ACTION

VERSUS                                     NO: 00-68

MURPHY EXPLORATION &                       SECTION: "J"(1)
PRODUCTION COMPANY, ET AL

Before the Court is plaintiff's **Motion to Enforce Settlement** (Rec. Doc. 90). Defendant Murphy Exploration & Production Company opposes the motion. The motion, set for hearing on June 11, 2001, is before the Court on briefs without oral argument.

On January 17, 2002, the Court entered a 60-day order of dismissal in this action, after having been advised by the parties that the matter had been settled. In the order, the Court retained jurisdiction over the matter for 60 days, during which time any party could move for summary judgment enforcing the compromise if the settlement was not consummated within that time. Rec. Doc. 89. Counsel for plaintiff now seeks to enforce the settlement after the 60-day period has expired, arguing that

DATE OF ENTRY
MAY 3 0 2003

Fee_____
Process_____
X Dktd  CAQ
___ CtRmDep_____
Doc.No. 92

defendants previously agreed to pay the funds over to plaintiff's counsel if a long time passed without plaintiff's counsel locating his client; however, defendants complain that they have not received any receipts, releases, and indemnification agreements executed by the plaintiff.

Whatever the merits of these arguments, as the Fifth Circuit has held, "a district court has ancillary jurisdiction to enforce a settlement agreement only if the court makes the agreement part of its dismissal order." Hospitality House, Inc. v. Gilbert, 298 F.3d 424, 431 (5th Cir. 2002), citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994). In this matter, the Court dismissed the action without incorporating the settlement agreement, and indicated that it would retain jurisdiction for 60 days. That 60 days had expired, and thus, so has the jurisdiction of the Court.[1] Accordingly;

**IT IS ORDERED** that plaintiff's **Motion to Enforce Settlement** (Rec. Doc. 90) should be and is hereby **DENIED**.

\* \* \* \* \* \* \* \* \* \* \* \* \*

---

[1] For future reference, the Court advises plaintiff's counsel that if it were determined near the end of the 60-day period that more time was needed to iron out details of the agreement, he could have filed a motion to extend the 60-day period. On the other hand, if it appeared that an actual dispute had arisen as to what portion various parties were to pay, he could have filed the Motion to Enforce within the 60-day period. Having failed to do either, plaintiff's remedy is to file an independent action in state court to enforce the settlement agreement.